## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW DUGGAN | : | |
| 3415 Cardinal Lane | : | Complaint – Class Action |
| Dover, PA 17315 | : | |
| | : | Civil Action No.: _____ |
| Plaintiff, | : | |
| | : | **Jury Trial Demanded** |
| v. | : | |
| | : | |
| JORDAN ILYES | : | |
| 5 Codorun Lane | : | |
| York, PA 17408 | : | |
| | : | |
| and | : | |
| | : | |
| JI PROPERTIES, LLC | : | |
| 5 Codorun Lane | : | |
| York, PA 17408 | : | |
| | : | |
| and | : | |
| | : | |
| ILYES HOLDINGS 1, LLC | : | |
| 5 Codorun Lane | : | |
| York, PA 17408 | : | |
| | : | |
| and | : | |
| | : | |
| ILYES HOLDINGS 2, LLC | : | |
| 5 Codorun Lane | : | |
| York, PA 17408 | : | |
| | : | |
| and | : | |
| | : | |
| ILYES HOLDINGS 3, LLC | : | |
| 5 Codorun Lane | : | |
| York, PA 17408 | : | |
| | : | |

1

and                          :
                             :
ILYES HOLDINGS 4, LLC        :
5 Codorun Lane               :
York, PA 17408               :
                             :
and                          :
                             :
                             :
ILYES HOLDINGS 5, LLC        :
5 Codorun Lane               :
York, PA 17408               :
                             :
and                          :
                             :
                             :
ILYES HOLDINGS 6, LLC        :
5 Codorun Lane               :
York, PA 17408               :
                             :
and                          :
                             :
                             :
ILYES HOLDINGS 7, LLC        :
5 Codorun Lane               :
York, PA 17408               :
                             :
and                          :
                             :
                             :
ILYES HOLDINGS 8, LLC        :
5 Codorun Lane               :
York, PA 17408               :
                             :
and                          :
                             :
                             :
ILYES HOLDINGS 9, LLC        :
5 Codorun Lane               :
York, PA 17408               :

2

and                    :
                       :
ILYES HOLDINGS 10, LLC          :
5 Codorun Lane                  :
York, PA 17408                  :
                       :
        and                    :
                       :
                       :
ILYES HOLDINGS A, LLC           :
5 Codorun Lane                  :
York, PA 17408                  :
                       :
        Defendants. :

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Matthew Duggan ("Mr. Duggan"), individually and on behalf of all

other similarly situated employees of Defendants Jordan Ilyes ("Defendant Ilyes"),

JI Properties, LLC ("Defendant JI Properties"), Illyes Holdings 1, LLC ("Defendant

Ilyes Holdings 1"),  Illyes Holdings 2, LLC ("Defendant Ilyes Holdings 2"), Illyes

Holdings 3, LLC ("Defendant Ilyes Holdings 3"), Illyes Holdings 4, LLC

("Defendant Ilyes Holdings 4"), Illyes Holdings 5, LLC ("Defendant Ilyes Holdings

5"), Illyes Holdings 6, LLC ("Defendant Ilyes Holdings 6"), Illyes Holdings 7, LLC

("Defendant Ilyes Holdings 7"), Illyes Holdings 8, LLC ("Defendant Ilyes Holdings

8"), Illyes Holdings 9, LLC ("Defendant Ilyes Holdings 9"), Illyes Holdings 10, LLC

("Defendant Ilyes Holdings 10"), and Illyes Holdings A, LLC ("Defendant Ilyes

Holdings A"), (collectively "Defendants"), by and through his counsel, brings this

Collective and Class Action Complaint ("Complaint") against Defendants and allege, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.    This is a class and collective action brought on behalf of "Misclassified Employees" who work or have worked for Defendants and have been subjected to the unlawful practices detailed herein.

2.    Upon information and belief, the employment practices complained of herein occurred at all of Defendants' locations and worksites, as Defendants had common ownership and utilized common labor policies and practices at each of their locations and worksites.

3.    Defendants' main business operations include performing electrical work, plumbing, wiring, and general labor.

4.    Defendants employ individuals as Laborers (collectively, "Misclassified Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

5.    As Laborers, these employees were primarily responsible for installing, plumbing, draining, and performing electrical work for luxury apartments and other similar work as assigned by Defendants.

6.    As explained in detail below, Defendants' systematically and willfully deprived Plaintiff and Misclassified Employees of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, by misclassifying them as independent contractors and failing to pay Plaintiff and Misclassified Employees mandated overtime wages at the rate of one-and-one-half times their regular rate of pay, taking into account non-discretionary bonuses, for all hours worked over forty (40) each work week.

7.    As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

8.    Plaintiff individually alleges that Defendant retaliated against him by terminating his employment because Plaintiff made good faith complaints to Defendant about not being properly paid his overtime wages in violation of the FLSA.

9.    As a result of Defendants' improper and willful failure to pay Plaintiff and the members of the Classes in accordance with the requirements of the FLSA and the PMWA, Plaintiff and the members of the Classes have suffered damages.

10.    Plaintiff and the members of the Classes bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

12.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as their federal law claims.

14.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

15.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

16.    Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.    Plaintiff Matthew Duggan is a resident of the United States and Pennsylvania, and currently maintains a residence at 3415 Cardinal Lane, Dover, PA 17315.

18.    Defendant Jordan Ilyes is an adult individual and citizen of Pennsylvania and the United States, residing at 5 Codorun Lane, York, PA 17408.

19.    Defendant JI Properties, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

20.    Defendant Ilyes Holdings 1, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

21.    Defendant Ilyes Holdings 2, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

22.    Defendant Ilyes Holdings 3, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

23.    Defendant Ilyes Holdings 4, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

24.    Defendant Ilyes Holdings 5, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

25.    Defendant Ilyes Holdings 6, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

26.    Defendant Ilyes Holdings 7, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

27.    Defendant Ilyes Holdings 8, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

28.    Defendant Ilyes Holdings 9, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

29.    Defendant Ilyes Holdings 10, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

30.    Defendant Ilyes Holdings A, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, whose Managing Member is Defendant Jordan Ilyes, with a registered office located at 5 Codorun Lane, York, PA 17408.

31.    The limited liability company Defendants are collectively referred to herein as the "LLC Defendants."

32.    At all relevant times during the statutory period covered by this Complaint, Defendants have transacted business within the Commonwealth of Pennsylvania, including within this judicial district.

33.    LLC Defendants operate with a high degree of interrelated and unified operations that share: (1) common management as all are owned and operated by Defendant Ilyes; (2) common employees between locations; (3) common payroll practices; and, (4) common labor policies and practices complained of herein.

34.    Defendants are collectively a "private employer" who engages in interstate commerce and/or has an annual volume of sales in excess of $500,000.

35.    Plaintiffs and Collective Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA and the PMWA.

36.    At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

37.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be

maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

38.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

39.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as their federal law claims.

40.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

## SUMMARY OF CLAIMS

41.    Plaintiff brings this action as a collective action to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

42.    In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Misclassified Employees who have worked for Defendants in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint and elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Class").

43.    In addition, Plaintiff bring this action as a state-wide class action to recover unpaid wages pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

44.    Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Misclassified Employees who have worked for Defendants in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint (the "PMWA Class").

45.    The FLSA Class and the PMWA Class are hereafter collectively referred to as the "Classes."

46.    Plaintiff alleges on behalf of the FLSA Class that they are: (1) entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to pay them mandated overtime wages for all hours worked over forty (40) hours per work week, as required by law; and, (2) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.    Plaintiff alleges on behalf of the PMWA Class that they are entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to pay them mandated overtime wages for all hours worked over forty (40) hours per work week, as required by the PMWA.

## FACTUAL ALLEGATIONS

48.     Paragraphs 1 through 47 are hereby incorporated by reference as though fully set forth at length herein.

49.     Plaintiff and the members of the Classes are, or were, Misclassified Employees employed by Defendants.

50.     Upon information and belief, all of Defendants' locations and worksites are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Misclassified Employees to the unlawful pay practices complained of herein.

51.     Upon information and belief, during the statutory period covered by this Complaint, Defendants have employed at least twenty-five (25) similarly situated individuals who worked in the position of Laborer or had similar job duties.

### Plaintiff's Experience Working for Defendant

52.     On or about August 12, 2021, Plaintiff began his employment with Defendants when he was hired as a Laborer.

53.     Plaintiff worked for and reported to Defendants' common location located in York, Pennsylvania.

54.     Plaintiff's job duties included installing, plumbing, draining, and performing electrical work for luxury apartments and other similar work as assigned by Defendants.

13

55.    Plaintiff provided the aforementioned services on a schedule determined by Defendants, who instructed Plaintiff where and when to report to work.

56.    Plaintiff was required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and training provided by Defendants.

57.    Defendants directed Plaintiff with respect to the work he performed, the worksites where he performed his work, and the schedule that Plaintiff would perform his work.

58.    The work that Plaintiff performed for Defendants was an integral part of Defendants' business operations.

59.    Defendants provided Plaintiff with tools that Plaintiff needed to perform his job duties.

60.    Plaintiff did not have supervisory authority over other employees or projects, nor the ability to hire and fire employees of Defendants.

61.    On or about May 20, 2023, upon finding out that someone stole Plaintiff's tools that Plaintiff owned and used on the job, Defendant Ilyes bought Plaintiff a new set of tools to use for his work for Defendants.

62.    Plaintiff was paid on an hourly basis at an hourly rate as determined by Defendants.

63.    Plaintiff's regular rate of pay was $14/hour when he began work for Defendants on or about August 12, 2021.

64.    Defendants raised that rate incrementally at random times, and Plaintiff most recently made $26/hour prior to his termination.

65.    Plaintiff would submit his hours via an invoice to Defendant Ilyes weekly.

66.    Defendant Ilyes would cut Plaintiff a check based on that invoice.

67.    From the beginning of Plaintiff's employment with Defendants, he regularly worked over forty (40) hours a week.

68.    For example, during the work week of Sunday, March 26, 2023 to Saturday, April 1, 2023, Plaintiff worked approximately 45.5 hours at a rate of $23.50/hour.

69.    Despite working 5.5 hours of overtime during the work week of March 27, 2023 to April 2, 2023, Defendants paid Plaintiff $23.50 for all hours worked, for a total of $1069.25 ($23.50 x 45.5 hours).

70.    Defendants routinely paid Plaintiff a non-discretionary bonus for his work performance.

71.    For example, on or around June 30, 2022, Defendants paid Plaintiff a non-discretionary bonus in the amount of $4,500.

72.    This $4,500 bonus was for the work Plaintiff had completed throughout June 2022 and had been promised to Plaintiff by Defendants if Plaintiff and select other employees of Defendants completed a specific job in a timely manner.

73.    As such, this $4,500 bonus was a non-discretionary bonus and should have been factored into calculating Plaintiff's regular rate of pay for the entirety of June 2022.

74.    This $4,500 non-discretionary bonus should have been used by Defendants to calculate the overtime wages due to Plaintiff for the more than ninety (90) of hours of overtime that Plaintiff worked in or around June 2022, had he been classified and paid correctly.

75.    Defendants paid Plaintiff several other non-discretionary bonuses during his employment with Defendants that should have, but were not, factored into calculating Plaintiff's overtime pay.

76.    Defendants intentionally misclassified Plaintiff as an independent contractor.

77.    As a purported independent contractor, Plaintiff was not paid time and a half for all hours worked above forty (40) in a work week.

**Plaintiff's Individual FLSA Retaliation Allegations**

78.    In or around Summer 2022, Plaintiff was injured while working for Defendants when he fell off a ladder.

79.    On or about September 6, 2022, Plaintiff questioned Defendant Ilyes as to why he was not a regular employee and why he was not provided workers compensation coverage and other employee benefits by Defendants.

80.    On or about September 6, 2022, Defendant Ilyes called and left Plaintiff a voicemail which stated was that there were "way too many entities" that Defendant Ilyes was in charge of and that Defendant Ilyes did not "have one company to make W-2s."

81.    On that voicemail, Defendant Ilyes also said that Plaintiff was in the "best lane" and "staying out of restrictions" and other safety regulations by maintaining his independent contractor status.

82.    In or around Summer 2023, Defendant Ilyes presented Plaintiff with a purported contract that stated that Plaintiff was an independent contractor.

83.    Defendant Ilyes insisted that Plaintiff sign this purported contract.

84.    Around this time, Defendant Ilyes also presented Plaintiff with an "Independent Contractor Release and Waiver of Liability" form, which Defendant Ilyes also insisted that Plaintiff sign.

85.    Plaintiff did not sign either document, as he believed that he was misclassified as an independent contractor.

86.   On or about February 26, 2024, Defendant Ilyes left Plaintiff a voicemail after they worked together that day, stating, in part, that the two were not "on the same page with stuff."

87.   That "stuff" was Defendants' misclassification of Plaintiff as an independent contractor and Plaintiff's refusal to sign documents stating that Plaintiff was an independent contractor.

88.   Plaintiff did not respond to this voicemail, as it was after work.

89.   On or about February 27, 2024, shortly after Plaintiff showed up to his assigned worksite for the day, Defendant Ilyes informed Plaintiff over the phone that he needed to leave the job site immediately and that Plaintiff was not welcome back for two (2) weeks.

90.   On or about February 29, 2024 at 11:13 AM, Plaintiff sent Defendant Ilyes a text message stating that he thinks that Defendant Ilyes should be paying Plaintiff overtime for more than forty (40) hours of work.  See Text Messages between Defendant Ilyes and Plaintiff, dated February 29, 2024 to March 10, 2024, attached as Exhibit A.

91.    Plaintiff further stated in this text message to Defendant Ilyes that Plaintiff would not sign the purported contract or the liability waiver form.  Id.

92.   That same day at 12:37 PM, Defendant Ilyes wrote back he was "disappointed with [Plaintiff's] thought process."  Id.

93.    Defendant Ilyes wrote in this text message that he was "not sure what hours [he] should be paying [Plaintiff] for." Id.

94.    At 5:38 PM, Plaintiff texted Defendant Ilyes and reiterated that he believed that Defendant Ilyes owed Plaintiff overtime for working more than forty (40) hours in a week and that he would not sign the purported contract because Plaintiff did not believe that he was an independent contractor. Id.

95.    At 7:58 PM, Defendant Ilyes texted Plaintiff and accused him, for the first time, of "cheating on [his] invoice [sic]" and "punching someone in the face at work." Id.

96.    Defendant Ilyes wrote that Plaintiff was "so desperate for money that [he] needed to act like this." Id.

97.    Defendant Ilyes also terminated Plaintiff's employment in this text message. Id.

98.    On or about March 1, 2024, Plaintiff arranged with Defendant Ilyes by text message to return Defendants' keys. Id.

99.    On three (3) occasions after Defendant Ilyes terminated Plaintiff's employment, between on or about March 1, 2024 and March 10, 2024, Defendant Ilyes asked Plaintiff to meet with him, but without giving a reason. Id.

100.    As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages, including but not limited to, economic damages.

**Integrated Enterprise & Individual Liability Factual Allegations**

101.    Defendant Ilyes is the Managing Member of the LLC Defendants.

102.    Defendant Ilyes shares in 100% of the LLC Defendants' profits and losses.

103.    Defendant Ilyes has the authority to hire and fire the LLC Defendants' employees.

104.    Defendant Ilyes has the authority to set and distribute wages for the LLC Defendants' employees.

105.    Defendant Ilyes has the authority to determine the method of pay for the LLC Defendants' employees.

106.    Defendant Ilyes has the authority to enter into service contracts on behalf of the LLC Defendants' employees, which is the crux of the LLC Defendants' business.

107.    Defendant Ilyes is Plaintiff's boss, the one who hired Plaintiff, and the one with whom Plaintiff communicated regarding his work for Defendants.

108.    At all relevant times during the statutory period covered by the Complaint, Defendant Ilyes was personally acting as an "employer" within the definition of section 203(d) of the FLSA.

109.   In addition, at all relevant times during the statutory period covered by the Complaint, Defendant Ilyes was personally acting as an "employer" as defined by section 333.103(g) of the PMWA.

110.   As such, Defendant Ilyes is also personally liable to Plaintiff and the members of the Classes for all relief sought under the FLSA and the PMWA.

111.   Defendants paid Plaintiff via check using at least four (4) separate companies over the course of Plaintiff's employment: (1) Defendant JI Properties, LLC; (2) Defendant Ilyes Holdings 2, LLC; (3) Defendant Ilyes Holdings 5, LLC; and, (4) Defendant Ilyes Holdings 7, LLC.

112.   Defendants also provided Plaintiff with 1099 forms from at least four (4) separate companies over the course of Plaintiff's employment: (1) Defendant JI Properties, LLC; (2) Defendant Ilyes Holdings 2, LLC; (3) Defendant Ilyes Holdings 5, LLC; and, (4) Defendant Ilyes Holdings 7, LLC.

113.   Upon information and belief, the LLC Defendants are all registered in Pennsylvania as limited liability companies with Defendant Ilyes as their Managing Member.

114.   The LLC Defendants are all registered to 5 Codorun Lane, York, PA 17408, which is listed as the main business address for each limited liability company.

115.  Defendant Jordan Ilyes's personal home address is also 5 Codorun Lane, York, PA 17408.

116.  Upon information and belief, Defendant Ilyes is the sole Managing Member of the LLC Defendants and possesses sole control and discretion in decision-making for the LLC Defendants.

117.  Defendant Ilyes is identified as the owner of "Ilyes Holdings" generally in several news articles.

118.  Defendant Ilyes and the LLC Defendants are therefore a single, integrated enterprise with a high degree of interrelated and unified operations, sharing a common owner, with common labor policies and practices complained of herein.

119.  At all relevant times during the statutory period covered by this Complaint, Defendant Ilyes and the LLC Defendants have operated as an "enterprise" within the definition of Section 203(r) of the FLSA.

120.  At all relevant times during the statutory period covered by this Complaint, Defendant Ilyes and the LLC Defendants have operated as a single "employer" as defined by section 333.103(g) of the PMWA.

121.  Upon information and belief, Defendant Ilyes created each of the LLC Defendants so that the Defendants could attempt to avoid liability for unlawful pay practices as defined by the FLSA and the PMWA.

122.   As such, Defendant Ilyes and the LLC Defendants are liable to Plaintiff and the members of the Class for all relief sought under the FLSA and the PMWA.

## FACTUAL ALLEGATIONS APPLICABLE TO THE CLASSES

123.   Paragraphs 1 through 122 are hereby incorporated by reference as though the same were fully set forth at length herein.

124.   Plaintiff and the members of the Classes routinely worked more than forty (40) hours in a work week.

125.   Plaintiff and the members of the Classes were similarly misclassified as independent contractors and denied overtime wages for all hours worked over forty (40) in a work week as a result of Defendants' unlawful practices, had the same or similar job classifications and job duties, and were subject to the same business practices, payroll practices, and operating procedures.

126.   Despite their classification as independent contractors, Plaintiffs and the members of the Classes were actually employees of Defendants.

127.   Defendants assigned Plaintiff and the members of the Classes to a worksite daily and controlled both their start and ending times.

128.   Plaintiff and members of the Classes did not bring in business and were instead assigned to a worksite daily by Defendants.

129.   Once the work at one worksite was finished, Plaintiff and the members of the Classes would automatically move to and/or be assigned to the next worksite immediately by Defendants.

130.   Defendants set the work week as beginning on Sunday and ending on Saturday for payroll purposes.

131.   On or about September 11, 2022, Defendants began to offer Plaintiff and members of the Classes "double time" for all hours worked on Saturdays and Sundays such that they would earn double the usual wages for all hours worked on those days.

132.   These "double time" wages were not enough, nor given often enough, to make up for Defendants' failure to pay overtime to Plaintiff and members of the Classes during each work week.

133.   On or about December 31, 2023, Defendants stopped offering double time for Saturday and Sunday shifts to Plaintiff and members of the Classes.

134.   The services rendered by Plaintiff and members of the Classes included general labor, plumbing, electrical work, and other similar work as dictated by Defendants.

135.   Defendants' main business operations include performing electrical work, plumbing, wiring, and general labor.

136.    Plaintiff and members of the Classes provided the aforementioned services on a schedule determined by Defendants, who instructed Plaintiff and members of the Classes where and when to report to work.

137.    Plaintiff and members of the Classes were required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and training provided by Defendants.

138.    Defendants directed Plaintiff and members of the Classes with respect to the work they performed, the worksites where they performed their work, and the schedule that Plaintiff and members of the Classes would perform their work.

139.    The work that Plaintiff and members of the Classes performed for Defendants was an integral part of Defendants' business operations.

140.    Defendants provided Plaintiff and members of the Classes with tools that Plaintiff and members of the Classes needed to perform their job duties.

141.    Neither Plaintiff nor the members of the Classes had supervisory authority over other employees or projects, nor the ability to hire and fire employees of Defendants.

142.    Neither Plaintiff nor any members of the Classes qualified for the exemptions from overtime for professional, administrative, or executive employees under the FLSA/PMWA while they were employed in the position of laborer.

143.   In addition, there are no other exemptions under the FLSA and/or the PMWA which could arguably be applicable to Plaintiff or the members of the Classes.

144.   Plaintiff and the members of the Classes were, within the meaning of the FLSA and the PMWA, non-exempt employees of Defendants, despite their misclassification by Defendants as independent contractors.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

145.   Paragraphs 1 through 144 are hereby incorporated by reference as though the same were fully set forth at length herein.

146.   Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

147.   The claims arising under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. § 216(b).

148.   Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

149.   The members of the Classes may be informed of the pendency of this collective action by direct mail, electronic mail, text message, and/or publication.

26

150.    Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the PMWA Class for claims arising under the PMWA.

151.    The claims arising under the PMWA may be pursued by all similarly situated persons who do not opt out of the PMWA Class pursuant to Federal Rule of Civil Procedure 23.

152.    Upon information and belief, the members of the Classes are so numerous that joinder of all members is impracticable.

153.    While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, the precise number of members of the Classes can be easily ascertained by Defendants.

154.    The members of the Classes can be identified and located using Defendants' payroll and personnel records.

155.    Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole appropriate.

156.    The claims of Plaintiff are typical of the claims of the Classes he seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

157.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

A.    Whether Defendants misclassified Plaintiff and the members of the Classes as independent contractors;

B.    Whether Defendants accurately tracked and kept records of all hours worked by Plaintiff and the members of the Classes;

C.    Whether Defendants have failed to pay Plaintiff and the members of the Classes overtime compensation at one-and-one-half times the regular rate of pay for each hour worked over forty (40) each work week; and,

D.    Whether Plaintiff and the members of the Classes are entitled to damages, and if so, the means of measuring damages.

158.    Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent and has retained competent and experienced counsel.

159.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small

28

when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

160.   Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

161.   Defendants have violated, and continue to violate, the FLSA.

162.   The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and a willful violation of the PMWA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**<u>FAILURE TO PAY OVERTIME</u>**
(FLSA Class v. All Defendants)

163.   Paragraphs 1 through 162 are hereby incorporated by reference as though the same were fully set forth at length herein.

164.   At all relevant times, Defendants as a single enterprise had gross annual revenues in excess of $500,000.

165.   At all relevant times, Defendants have been, and continues to be, a single enterprise employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

29

166.   At all relevant times, Plaintiff and each of the members of the FLSA Class were misclassified as independent contractors rather than employees of Defendants.

167.   At all relevant times, Defendants employed and/or continue to employee Plaintiff and each of the members of the FLSA Class within the meaning of the FLSA.

168.   Pursuant to Section 207(a)(1) of the FLSA, all non-exempt employees must be compensated at a rate not less than one-and-one-half times their regular rate of pay for every hour worked over forty (40) in a work week.

169.   Defendants failed to pay Plaintiff and members of the FLSA Class overtime compensation for all hours worked over forty (40) in a work week.

170.   Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the FLSA Class.

171.   As a result, Defendants failed to pay Plaintiff and the members of the FLSA Class overtime compensation for all hours worked over forty (40) in a work week at one-and-one-half times their regular rate of pay.

172.   The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

173.   Defendants have violated, and continue to violate, the FLSA.

174.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

175.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

176.    Defendants are liable to Plaintiff and the members of the FLSA Class for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

177.    Defendants operate as a single enterprise and are thus liable for the aforementioned relief.

178.    Defendant Ilyes is personally liable by piercing the corporate veil and because public policy so demands.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the FLSA Class:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from this Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the statutory period covered by this Complaint in the position of Laborer and/or in positions with similar job duties, and authorizing FLSA Class

counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendants during the statutory period covered by this Complaint but were not paid overtime as required by the FLSA;

C.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay the mandated overtime wages to Plaintiff and the FLSA Class for all hours worked over forty (40) in the work week;

E.    Awarding Plaintiff and the FLSA Class back pay wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and the FLSA Class liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff and the FLSA Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the FLSA Class leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and,

J.      An award for all additional general and equitable relief to which Plaintiff and the FLSA Class may be entitled as this Court may deem proper.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101, *et seq.***
**FAILURE TO PAY OVERTIME**
(PMWA Class v. All Defendants)

179.    Paragraphs 1 through 178 are incorporated by reference as though the same were set forth at length herein.

180.    The PMWA provides that an employer must pay certain "minimum wages" to its employees. <u>See</u> 43 P.S. § 333.104.

181.    The PMWA further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week. <u>See</u> 43 P.S. § 333.104(c).

182.    Plaintiff and the members of the PMWA Class were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things as described above, the fact that they regularly reported to and received directives from Defendants' York, Pennsylvania location, were supervised and

subject to decision-making concerning the terms and conditions of their employment by Defendants' Pennsylvania-based management, and worked for Defendants in Pennsylvania.

183.  Defendants misclassified Plaintiff and the members of the PMWA Class as independent contractors instead of employees as defined by the PMWA, 43 P.S. § 333.103(h).

184.  Defendants failed to pay Plaintiff and the members of the PMWA Class overtime compensation for all hours worked over forty (40) in a work week.

185.  Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the PMWA Class.

186.  By failing to pay Plaintiff and the members of the PMWA Class overtime at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a work week, Defendants have violated the provisions of the PMWA mandating overtime pay to non-exempt employees.

187.  As a result of Defendants' unlawful acts, Plaintiff and the members of the PMWA Class have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the PMWA Class:

A.    An award to Plaintiff and the PMWA Class for the amount of unpaid overtime wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

B.    An award to Plaintiff and the PMWA Class of reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the PMWA;

C.    Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

D.    An award to Plaintiff and the PMWA Class for all additional general and equitable relief to which they may be entitled as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**<u>RETALIATION</u>**
(Plaintiff v. All Defendants)

188.    Paragraphs 1 through 187 are hereby incorporated by reference as though the same were fully set forth at length herein.

189.    The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint

35

or instituted or caused to be instituted any proceeding under or related to [the FLSA]." See 29 U.S.C. 215(a)(3).

190.   As noted above, Plaintiff complained to Defendant Ilyes about his misclassification on several instances, and specifically asked for overtime wages for hours worked over forty (40) in a work week.

191.   Defendant Ilyes's response was to terminate Plaintiff from employment with Defendants because Plaintiff asserted his right to wages lawfully due to him pursuant to the FLSA.

192.   The foregoing actions of Defendants constitute unlawful retaliation under the FLSA.

193.   Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

194.   As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including financial losses and mental and emotional distress.

195.   Defendants are liable to Plaintiff for actual damages, liquidated damages, compensatory damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including but not limited to:

      A.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

      B.    Adjudicating and declaring that Defendant violated the FLSA by retaliating against Plaintiff;

      C.    Awarding Plaintiff back pay wages in an amount consistent with the FLSA;

      D.    Awarding Plaintiff liquidated damages in accordance with the FLSA;

      E.    Awarding Plaintiff compensatory damages for mental and emotional distress in accordance with the FLSA;

      F.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      G.    Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

      H.    An award for all additional general and equitable relief to which Plaintiff may be entitled as this Court may deem proper.

## JURY DEMAND

196.   Plaintiff and the Classes hereby demand a trial by jury as to all issues

so triable.

Respectfully submitted,

**MARZZACCO NIVEN & ASSOCIATES**

By:    /s/ *Benjamin Salvina*
        Benjamin Salvina, Esq.
        Faith Pensinger, Esq.
        945 East Park Drive, Suite 103
        Harrisburg, PA 17111
        TEL: 717-231-1640
        FAX: 717-231-1650
        bsalvina@klnivenlaw.com
        fpensinger@klnivenlaw.com
        *Attorneys for Plaintiff*

Dated: October 17, 2024

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the members' of the Classes employment, to their potential claims and their claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.